991 So.2d 1228 (2008)
Shirley SMITH, Appellant
v.
AMERISTAR CASINO VICKSBURG, INC., A Mississippi Corporation Appellee.
No. 2006-CA-00139-COA.
Court of Appeals of Mississippi.
January 29, 2008.
Rehearing Denied June 24, 2008.
Certiorari Denied October 9, 2008.
*1229 Alfred L. Felder, McComb, attorney for appellant.
Timothy D. Moore, Jackson, attorney for appellee.
Before LEE, P.J., CHANDLER and BARNES, JJ.

FACTS AND PROCEDURAL HISTORY
LEE, P.J., for the Court.
¶ 1. On April 12, 2002, Shirley Smith was walking through the Ameristar Casino (Casino) in Vicksburg, Mississippi, when she collided with Richard Murdock, a security guard at the Casino. Smith, who was in a hurry, cut in front of Murdock, tripped on his foot, and fell on her hands and knees. Smith immediately got up and returned to her slot machine. When asked by a Casino employee if she needed assistance, Smith told the Casino employee stated that "I ain't got time to wait. I've got to go. My machine's [sic] hot." Smith later admitted to another Casino employee that she was not watching where she was going.
¶ 2. Smith suffered a knee injury. Her treating physician, Dr. Keith Melancon, stated that she would eventually need to replace both of her knees. On January 21, 2004, Smith filed a complaint against the Casino in the Warren County Circuit Court alleging that the accident was caused by the negligence of Murdock, a Casino employee. Smith sought actual and compensatory damages. After a trial on the merits, the jury returned a verdict on November 2, 2005, for the Casino. On November 10, 2005, the trial court entered a final judgment dismissing Smith's claim with prejudice. Smith then filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. After a hearing on the matter, the trial court denied Smith's motions. Smith now appeals, asserting that the trial court erred in failing to compel the Casino to produce certain documents and in not allowing the testimony of one of her expert witnesses.

DISCUSSION

I. DID THE TRIAL COURT ERR IN FAILING TO COMPEL THE CASINO TO PRODUCE CERTAIN DOCUMENTS?
¶ 3. In her first issue on appeal, Smith argues that the trial court erred in failing to compel the Casino to produce certain documents. In her request for production number eleven, Smith requested "copies of all [the Casino's] written rules, guidelines, regulations, and procedures related to the reporting, prevention, and handling of injuries to Ameristar Casino, Vicksburg customers such as plaintiff." The Casino responded as follows: "Objection. This Request is vague, ambiguous, assumes facts not in evidence, is not reasonably calculated to lead to the discovery *1230 of admissible evidence, and is calculated solely to harass and create an undue burden on [the Casino]." During the hearing on Smith's motion to compel, the trial judge stated, "I'm not going to require this to be disclosed unless it's narrowed down." The trial court entered an order on September 17, 2004, denying Smith's motion to compel. Our standard of review concerning a trial court's grant or denial of a motion to compel is abuse of discretion. Taylor Mach. Works v. Great Am. Surplus Lines Ins. Co., 635 So.2d 1357, 1363 (Miss. 1994).
¶ 4. During the hearing on Smith's motion to compel, Smith stated that she was "asking for procedures related to the reporting, prevention and handling of injuries to these customers. That's all." Later, Smith stated that request number eleven actually sought the production of manuals related to the training of security guards. In her brief, Smith argues that the production of security manuals was necessary to determine whether Murdock breached his duties as set forth by the Casino. We fail to see how the trial court's ruling is an abuse of discretion when the request for production number eleven does not include a request for any security manuals. This issue is without merit.

II. DID THE TRIAL COURT ERR IN EXCLUDING ONE OF SMITH'S EXPERT WITNESSES?
¶ 5. In her other issue on appeal, Smith argues that the trial court erred in excluding the testimony of Ken Braunstein, an expert on casino security. It was the duty of the trial court to determine whether Braunstein's testimony was relevant and reliable. Miss. Transp. Comm'n v. McLemore, 863 So.2d 31, 38(¶ 16) (Miss. 2003). It was also within the trial court's discretion to admit or refuse expert testimony, and this Court will not reverse the trial court's decision unless the decision is found to be arbitrary or erroneous. Troupe v. McAuley, 955 So.2d 848, 855 (¶ 19) (Miss.2007).
¶ 6. Smith asserts that Braunstein would have testified that Murdock was not sufficiently trained. Braunstein opined that if Murdock were properly trained, he would not have collided with Smith. However, Braunstein basically admitted that he had no evidence upon which to base this opinion. The Casino made a motion to strike Braunstein's testimony. After a hearing on the matter, the trial court granted the Casino's motion, finding the following:
[B]efore an expert can testify, he has to have some specialized knowledge that would be helpful to the trier of fact. And Mr. Braunstein may have some specialized knowledge in some other areas, but this is a case where two people walked into each other.... The Court has to be guarded against having some expert come in and tell the jury how to decide the case, and I think that's what Mr. Braunstein would do.... This is  if it had been some sort of other case where security was of particular importance, such as a take-down of a rowdy client ... or something else like that, which I've had in this court, how you take the person down, how do you take a drunk out of the place or something like that, his testimony might be relevant ... Two people bumped into each other. One of them happened to be an employee, and Ameristar is responsible for any negligence of that employee under vicarious liability ... But Mr. Braunstein's testimony would not be helpful under Daubert. He would have a tendency to put  try to tell the jury something within their common knowledge how to decide, and the Court has to guard against that sort of expert testimony, how to decide a fact that was within their common *1231 knowledge. The case is within the common knowledge of the Court.
¶ 7. We find that there was no abuse of discretion in the trial court's refusal to allow Braunstein to testify. This issue is without merit.
¶ 8. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.